Good morning everyone. Before we actually begin hearing arguments, Judge Bea and I would just like to thank and acknowledge Judge Janice Jack from the Southern District of Texas, is that right? Who's visiting with us for a few days and so we're very appreciative of her willingness to take time from her work and to join us. Pleased to be here, thank you. Okay, so I'm just gonna call the cases as they appear on Judge Burk. Good morning, Your Honors. First, on behalf of everyone in the courtroom, we want to thank whoever scheduled this for 9 a.m. on Monday following the Super Bowl. Where you from? Kansas City, are you? So a little background history on San Jose Division, Chapter 13's. Historically, our prior judges were confirming cases that went well beyond 60 months. One judge, the judge that confirmed this case, would confirm cases that went 72 months from confirmation. So for some reason it wasn't an issue, it wasn't being enforced historically. And then we had new judges who did come in and say, this isn't right, we're supposed to complete within 60 months. And so it was a flood of motions to dismiss. A lot of cases had gone beyond 60 months and most of them were tax cases that just continued to make payments. So it's partly the situation that got this got in, it's partly my fault, I understand that. But what happened as bankruptcy cases created, we were filing over 500 Chapter 13's in San Jose every single month. Last month there was less than a hundred Chapter 13's filed. And what also happened is I went from 22 employees to five employees over this two-year period. The Chapter never laid anybody off or fired anybody or asked anybody to leave, but I went from 22 employees to five employees. So the silliness of what was going on at this time was I was having three or four times as many cases complete as I was filing and was certainly, you know, contributed to my filing a late opposition to the motion to dismiss. Well, I mean, look, it's placing this case in the context of what you just said. You know, it's unfortunate that they got to this point under all these circumstances, but nonetheless, you know, the case got dismissed. Yes. And you need to convince us that the district court erred or abused its discretion in dismissing the case. Well, it's the bankruptcy judge who dismissed the case. Yeah. And I think the abuse of on the trustee did her motion to dismiss. I filed the late opposition. The reason this case was going over the 60 months is the Franchise Tax Board had filed a priority claim and that was going to cause this case to go on further. Everybody had known about the Franchise Tax Board's claim for quite a while. Right. But the point was I had set a hearing on the objection to claim of the Franchise Tax Board. But you waited right until the last minute. And I explained that. What was it? The 49th month or whatever it was? The 59th month? It was a 2013 filed case and we have a hearing in 2018. And one of the glaring things about the way this was handled was nobody ever gets to the merits of my claim objection for the Franchise Tax Board. I just had a hearing last week, exact same problem. Judge upheld my objection. Franchise Tax Board claim is unsecured and it's not priority. In this case, nobody ever mentions that this is a 2013, Chapter 13. This debtor filed her tax returns for 2005 and 2006 on time. Why wouldn't they be dischargeable? Why wouldn't they be an unsecured debt? But we never got to consider the merits of my claim objection because like some kind of artificial intelligence bot, we just looked at the docket, said nothing's going on here. This is late opposition to the dismissal. I'm going to dismiss this You know, that's not getting to the merits of the case. You still haven't addressed why the district court abused her discretion in dismissing? Because she denied me due process to have a hearing. Well, how did she deny you due process? She took the claim objection off calendar and she also dismissed the case when there was a objection to the dismissal on calendar. I thought you had notice of the dismissal and you had years notice of the of the claim by the FTB without an objection. Right, and I explained that the claim was on file for a long time. But what I'm telling you is historically, the judge that confirmed this case, we would have had the claim objection hearing. And the other issue here is, I think we put this in the papers, is during the five years of this Chapter 13, my client became a nurse. She showed up at the hearing in her scrubs. She and I asked the judge's clerk to put this back on calendar. If she'd just given us 30 days. My client had the money to pay the claim if it was priority. So where's the justice or propriety of dismissing this after five years without a hearing? And one thing I want to emphasize, in a Chapter 13 practice, a lot of things are going on that are not on the docket. So I had two hearings last week. Tentative decision was to dismiss. Both cases I had an explanation and everything was fine. Cases are being confirmed. One was, I said, you know, Judge, nothing on the docket, but I filed six years of tax returns, state and federal. Not only did I get those filed, but the taxing entities have amended their proofs of claim, and they're ready for confirmation. In the other case, I was able to show up. I had given the trustee. I, you know, that's all well and good. I understand that. But I'm still struggling to understand. I want you to explain to me why it was an abusive discussion. Okay. You said a minute ago, denied your client due process. Because we didn't have a hearing on my. You didn't have a hearing. Okay, so that's, okay, you didn't have a hearing. That's another reason. Do you understand there's a motion to dismiss by the trustee? Yes. It's a mechanical thing that was being implemented because all these cases were over 60 months. I late filed a opposition to that motion to dismiss. I thought that you. Days later, the judge dismisses the case. Let me ask, let me, look. Did, I thought you argued that what the district court, what the bankruptcy court did was to impose a sanction of dismissal. Yes. Did you make that argument? Yes. Dismissed this case just based on a cursory view of the docket and that, well, you know, it took you too long to file the objection to the tax claim. And we filed a late opposition to the dismissal. I thought the case law in this circuit was that we decide things on the merit. If I file an opposition late, sanction me, continue it, have counsel pay the fees for the appearance of the other side. But we try to decide things on the merits. Pardon me, Mr. Boone. Let's see if I got the dates right. The trustee moves to dismiss a bankruptcy case on March the 9th, 2018, and set a hearing for March 30th, 2018. You didn't raise the fact that you had an objection to the franchise tax board as in opposition before that hearing on March 30th, did you? I didn't put it in that opposition. I filed the objection. When did you file the opposition? You didn't file the opposition before March 30th saying I have an objection to the franchise tax board, which you haven't ruled on and which you should rule on before you dismiss this case. You didn't say that. I think that's obvious from the docket. In your opposition to the motion which was scheduled for March 30th, 2018, did you bring up the issue in your papers that you had an unruled objection to the franchise tax board claim? Yes or no? I don't remember. I don't think that is there. But the claim objection was on calendar for the same date. Oh, no, no. Your claim was calendar for April 4th, five days later. Yes. So you didn't bring up your claim. But you're confusing a hearing with the judge dismissed the case on March 30th. There was no hearing on March 30th. This judge goes through her calendar, makes orders, and things disappear from the calendar. There's never a hearing. All right. So there was no hearing I missed on March 30th. She went through the calendar, made a decision. Maybe my question has not been as clear as it could be. Did you file any objection prior to March 30th, motion to dismiss? Yes. Prior to March 30th, saying you haven't ruled on my FTB objection yet. Yes or no? I filed an objection to the dismissal. When? And requested a hearing prior to the judge just dismissing the case. I see I'm going over time. I'll give you a minute for rebuttal. Okay. Answer Judge Bayh's question. I did the normal practice. I didn't ask that. Could you answer yes or no? Did you bring up your FTB objection in your opposition prior to March 30th? That's not the practice. You object to the motion to dismiss. Thank you very much. You've answered my question. The answer is no. Thank you. In those papers, I don't think that they were in there. Mr. Boone, thank you. Thank you. I'll give you a minute for rebuttal. Let's hear from the trustee. Good morning, Your Honors. My name is Jane Bohr, and I'm here on behalf of Devin Durenberg, the Chapter 13 trustee in San Jose. Your Honors, this debtor failed to complete her plan within the five-year term limit that both the plan provided and the statute provided. She was required to make a certain number of payments of a certain amount each month, correct? That's one thing that she was required to do. That was part of the plan. Absolutely. That was part of the plan. And she did that? Yes, she did that. All right. And it's unclear to me why she didn't know, why she wasn't informed until right at the bitter end that the Franchise Tax Board was claiming a secured priority. Well, Your Honors, she did know or should have known. She knew about it, but she didn't know that it was secured. It wasn't secured, Your Honor. It was unsecured priority, which is a separate classification from secured, but it makes no difference because secured and unsecured priority both need to be paid at 100%. And that was in the plan? And that's in the plan. But the plan just provides how much claims receive. In this district and in many districts, what happens is the plans get confirmed before the claims bar date. And the actual amount that has to be paid through the plan is determined after that claims bar date passes because that's when we know what claims have been filed and what claims are allowed. So the FTB timely filed its proof of claim. It was after confirmation, but it was timely filed. And debtors know this, Your Honor. They have to watch, or at least their counsel knows, that they have to watch what claims are actually being filed because those claims may change what they need to pay through their plan to perform it in the requisite 60 months. In this case, the FTB filed a claim two months into the case. Is the debtor ever notified during that period or at any time after, say here where the FTB filed its claim, that the $75 a month isn't going to be enough to satisfy all the debts that need to be paid? Does the trustee specifically send a letter saying the $75 is not going to be enough? I don't think any letter like that went out in this case, but what the trustee does, and we have a motion to supplement the record on appeal with an example of one of these letters, is she sends a letter every October while the case is pending that specifically sets forth the claims that need to be paid, how much has been paid during the course of that year, and what the remaining balance is to be paid. That letter goes every October 1st to every Chapter 13 debtor and every debtor's counsel. But does it go on to say the $75 a month isn't going to make it? No, because it's relatively obvious if there's a balance due of $14,000 and you're only paying $75 a month. Was it up to her just to start paying, say, $250 a month or whatever it might have been? No, it would be up to her to decide what do I need to do to make this plan complete in 60 months. That could be modifying the plan to raise her plan payments so that she can pay it all in 60 months. It could be filing an objection to claim so that the claim that she has a problem with and doesn't think she should have to pay. So when you get to the end and she obviously can't make the full payment, or the $75 a month isn't going to satisfy all that needs to be paid, why isn't it possible to work out something with her so that, you know, look, we'll extend the plan, the period for 30 days or 60 days, and during that time you've got to pay it all off? Why does the case have to be dismissed after she went through all this period of time paying $75 a month, and then it gets dismissed, and now all her indebtedness is subject to litigation in the state courts? So under 1307C6 of the Bankruptcy Code, it says that a case may be dismissed for cause, and one of the specifically enumerated basis of cause is a material default under the term of a confirmed plan. This debtor was a material default of her confirmed plan. The trustee has no discretion to let a case go on beyond 60 months. We file a motion to dismiss. So plans, 60-month plans are never extended? No, that's not true, because I haven't let go. Well, you just intimated that. No. You said they've got to be paid, and we moved to dismiss. I'm sorry, Your Honor. I didn't mean to intimate it because I haven't had a chance. I hadn't finished my explanation, and I apologize. The trustee must dismiss. Under 1307C6, it says the court may dismiss. It's up to the court to decide whether the court, the bankruptcy court, believes their circumstances to let a case go on for a short period of time to try and fix the problem. The court is never required to do that. It's up to them to make the decision whether the circumstances of the specific case warrant extra time. I do want to correct the record. So let me just let me let's finish that out. So as Judge Bea tried to confirm, there was no objection filed, as I understand it, to the motion to dismiss until after the 60-month period. Correct. So the motion, the 60-month period expired in February of 2018. Right. We waited a month, filed our motion to dismiss that the plan had not completed properly. We used what's called a notice and opportunity for hearing, which gives the creditors or the debtor 21 days to file opposition to our motion to dismiss. None was filed in that 21 days. By anybody. By anybody. Right. Including the debtor. Right. That's where the March 30th deadline was. Because no one filed an opposition, we had a right to request that our motion, the trustee's motion to dismiss be granted by default. We did that. November? On April 2nd. In November of 2017, you sent out a notice to the debtor. Absolutely. And that was in 2017. Correct. That the full amount due to complete the plan was the $15,935. Correct. So she had notice then, and there was nothing filed. Absolutely, Your Honor. I mean, completely. She had to pay that to satisfy the plan. Absolutely. Or she needed to do something else to fix the problem. Take some affirmative action. Correct. And she had three months to do that. And she did nothing. At that point, it was a full month before the objection to claim was filed. It was done by notice and opportunity procedure also. It was not immediately set for hearing, which could have been done. Right. And the FTB opposed it. Then, which put an obligation on debtor's counsel to set it for an actual hearing. No notice of hearing was even filed until March 2nd, after the 60 months expired. Right. When the judge vacated the hearing and then subsequently dismissed the case, the record was that there was an objection to the claim on file. It was fairly cursory. It just said the FTB hasn't provided a basis for priority. The FTB had filed a substantive brief in response. The time allotted for the debtor to reply to that had expired without the debtor replying to the FTB's arguments. Meanwhile, the trustee had filed, as she should have, a motion to dismiss. And there was no opposition to that by the debtor. This judge had every right to dismiss the case. The debtor was in material default of the plan. By the time the judge dismissed the case, the debtor had filed a late response. By the time the judge entered her order, yes, she was in the opposition had been filed, and the judge had declined to consider it because it was late filed, which she was allowed to do under the local rules that said, if you don't file a timely opposition, relief can be entered by default. So I see I'm out of time. If I could just correct one factual issue that came up in an oral argument, if you'll allow me. Counsel represented that in San Jose, plans used to always be confirmed at 66 and 72 months, and he made that comment in his reply brief as well. Plans are never confirmed at 66 or 72 months. Plans don't get confirmed unless they comply with the 60-month term limit. It's only when things subsequently happen, as it did in this case, that debtors need to be watching for that plans may go over the 60-month mark if something isn't done to bring them back within the 60 months. This debtor had four and a half years to fix that problem and didn't. As a result, her plan went into material default, and whether a different judge may have reached a different result isn't the issue in this case. The question is whether this judge abused her discretion in this case, and I don't think there's a record showing that she did. She had every right to dismiss this case based on the material default. Thank you. Thank you. Thank you. Mr. Bloom. Thank you for the additional time. My only point is that it should have been a tentative decision, not a docket text order that just dismissed this case. I did set my – I objected in December of 2017 to the Franchise Tax Board. They filed an opposition. I set it for hearing March 2nd. The trustee did a notice and opportunity dismissal motion on March 9th. Okay, I blew that. I filed my opposition late. But as I said, in the interest of justice and fairness, there's a lot of things that happen, particularly in Chapter 13. Okay. And there's a lot of things that aren't on the docket. Okay. So I would submit. Thank you, Your Honor. Thank you, counsel. Thank you, counsel. We appreciate your arguments.
judges: Paez, Bea, Jack